```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-14227-Civ-GRAHAM
                              MAGISTRATE JUDGE P.A. WHITE

TORIANO ROBERTS,              :

     Petitioner,              :
v.
                              :      REPORT OF
WALTER A. McNEIL,                 MAGISTRATE JUDGE
                              :
     Respondent.
_____:
```

## I. Introduction

Toriano Roberts, a state prisoner currently confined at Apalachee Correctional Institution-West Unit at Sneads, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his convictions entered in Case No. 02-01231 in the Circuit Court of the Nineteenth Judicial Circuit of Florida at St. Lucie County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition with attached documentary exhibits, the Court has the respondent's response to an order to show cause with supporting appendix.

## II. Claims

Roberts raises the following grounds for relief:

1. His Fourth Amendment rights have been violated, because he was searched without a warrant and without reasonable suspicion or probable cause.

2. The trial court's denial of his motion to suppress was

unlawful, because the court made no findings of fact before denying the motion.

### III. Procedural History

Roberts was charged by Information with the offenses of possession of a firearm by a convicted felon; possession of more than 20 grams of cannabis; resisting a law enforcement officer with violence; and carrying a concealed firearm. (DE# 11; Ex. 1). He entered pleas of not guilty to the crimes charged and the case proceeded to trial before a jury. Before trial, Roberts filed a motion to suppress, claiming that the search and seizure had been unlawful and therefore all physical evidence and statements derived from the search and seizure should be suppressed. (DE# 11; Ex. 2). After conducting an evidentiary hearing, the trial court denied the motion to suppress. (DE# 11; Ex. 53, 54). Because the motion to suppress was dispositive of the case, Roberts entered into a written negotiated plea agreement with the state whereby he agreed to change his earlier entered pleas of not guilty to pleas of no contest to the crimes charged except that the offense of resisting a law enforcement officer with violence was reduced to the lesser included offense of resisting without violence. (DE# 11; Ex. 3, 4, 55). Pursuant to the negotiated plea, Roberts was permitted to reserve the right to appeal the denial of his motion to suppress. (DE# 11; Ex. 55). The court accepted the change of pleas, Roberts was convicted of the subject offenses, and he was sentenced to various terms of confinement, totaling ten years with a mandatory minimum term of three years.[1] (DE# 11; Ex. 4, 55).

After Roberts filed a notice of appeal, appellate proceedings were conducted pursuant to Anders v. California, 386 U.S. 738

---

[1] The terms of imprisonment entered in the instant case were imposed to run consecutively to the sentence imposed in an unrelated case, St. Lucie County Circuit Court Case No. 02-1231. (DE# 11; Ex. 55).

2

(1967) during which Roberts challenged as erroneous the trial court's denial of his motion to suppress. (DE# 11; Ex. 8-16). The convictions and sentences were per curiam affirmed by the Florida Fourth District Court of Appeal in a decision without written opinion issued on February 11, 2004. (DE# 11; Ex. 17). See also Roberts v. State, 872 So. 2d. 913 (Fla. 4 DCA 2004). Roberts' motion for rehearing was denied by the Fourth District Court of Appeal (DE# 11; Ex. 18-21) and his petition for discretionary review was denied by the Florida Supreme Court on August 11, 2004. (DE# 11; Ex. 22, 24). See also Roberts v. State, 881 So.2d 1114 (Fla. 2004)(table).

   After waiting for approximately three months, Roberts returned to the trial court to pursue pro se postconviction relief. He first filed on or about November 2, 2004, a motion pursuant to Fla.R.Crim.P. 3.800(a), challenging the lawfulness of his sentence. (DE# 11; Ex. 51). The motion was summarily denied (DE# 11; Ex 51), and the denial was *per curiam* affirmed without written opinion by the Florida Fourth District Court of Appeal with the mandate issuing on May 6, 2005. (DE# 11; Ex. 49, 50). See also Roberts v. State, 900 So. 2d 568 (Fla. 4 DCA 2005). Roberts next filed on July 26, 2005, a pro se motion pursuant to Fla.R.Crim.P. 3.850 on July 26, 2005, attacking his convictions on grounds unrelated to the instant federal proceeding. (DE# 11; Ex. 25). The motion was summarily denied after a response from the state had been filed. (DE# 11; Ex. 28, 29). On appeal from the trial court's ruling, the Florida appellate court issued a written opinion, affirming the trial court's summary denial of one of the grounds raised and reversing and remanding the case for further proceedings as to the other ground. (DE# 11; Ex. 32). See also Roberts v. State, 937 So. 2d 1238 (Fla. 4 DCA 2006). After evidentiary proceedings, the trial court again denied Roberts postconviction relief, finding the claim

meritless. (DE# 11; Ex. 37). Although Roberts filed a notice of appeal from the trial court's ruling, the appeal was ultimately dismissed for lack of prosecution on September 4, 2008.[2] (DE# 11; Ex. 38-41).

## IV. Statute of Limitations

More than nine months after all state court proceedings concluded, Roberts came to this Court, filing on June 29, 2009,[3] his second pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The respondent in his response to the order to show cause asserts *inter alia* that the instant petition is time-barred pursuant to 28 U.S.C. §2244(d), warranting dismissal of the petition. The respondent's assertion of time-bar is meritorious and this petition should be dismissed as time-barred for the reasons indicated immediately below.[4]

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must generally file his §2254 petition within one year from the date that his conviction became final by the conclusion of direct review or the expiration of the time for

---

[2] It is noted that on February 15, 2006, while the Rule 3.850 proceedings remained pending, Roberts filed in this Court his first pro se federal petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. See Roberts v. McDonough, No. 06-14043-Civ-Graham. The petition was dismissed without prejudice for lack of exhaustion of state court remedies except as to the federal statute of limitations or other procedural bar. Roberts v. McDonough, No. 06-14043-Civ-Graham (S.D.Fla. April 27, 2006).

[3] This Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n. 4 (11 Cir. 2008). See also Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[4] The undersigned disagrees with the respondent's calculation method used to arrive at his conclusion that this petition is time-barred. Nevertheless, this Court agrees with the respondent's conclusion that this petition has been filed beyond the applicable one-year statute of limitations.

seeking such review. See 28 U.S.C. §2244(d)(1)(A);[5] Jimenez v. Quarterman, 555 U.S. ___, ___, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[6] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in appropriate cases. Holland v. Florida, ___ U.S. ___, 2010 WL 2346549 (June 14, 2010). See also Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(holding that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing); Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application

---

[5]The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[6]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999).

The judgment of conviction and sentence in the instant case became final at the latest on November 9, 2004, ninety days after the Florida Supreme Court denied Roberts' petition for discretionary review. See Jimenez v. Quarterman, 129 S.Ct. at 685; SUP.CT.R. 13(1). This federal petition for writ of habeas corpus challenging the instant convictions was not filed until June 29, 2009, well-beyond one-year after the date on which the convictions and sentences became final. The petition is, therefore, time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

As indicated above, Roberts pursued postconviction challenges to his convictions and sentences in both the state trial and appellate courts. After giving Roberts all the tolling credit for which he is due for the time all postconviction proceedings remained pending, there remains more than one-year of untolled time (i.e., a total of 369 days of untolled time).[7] The instant petition

---

[7]Roberts is not entitled to tolling credit for the pendency of his prior federal habeas petition, Case No. 06-14043-Civ-Graham. See Duncan v. Walker, 533 U.S. 167 (2001)(holding that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" within the meaning §2244(d)(2)). See also Nyland v. Moore, 216 F.3d 1264 (11 Cir. 2000)(holding that the filing date of a second §2254 application does not relate back to the filing of an earlier, timely petition which is dismissed prior to resolution on the merits). Therefore, the AEDPA limitations period was not tolled between February 15, 2006, and April 28, 2006, while Roberts' earlier §2254 petition was pending. It is noted that the instant petition would still be subject to dismissal as time-barred even if such credit were available to

was, therefore, due in this Court on or before June 25, 2009. The petition was not filed until four days later on June 29, 2009. Thus, in order for this petition to be deemed timely, Roberts must demonstrate that he is entitled to proceed under one of §2244(d)'s statutory tolling provisions, see §2244(d)(1)(B)-(D), or is entitled to equitable tolling of the limitations period.

While Roberts has addressed the limitations issue in his form petition, he has offered no legitimate justification whatever for his late-filing, merely stating in a conclusory fashion that his petition has been timely filed.[8] See Petition at ¶18. (DE# 1). His assertion is incorrect. If Roberts were to maintain that he could not timely file his habeas petition with this Court, because he first needed to exhaust his state court remedies prior to filing the instant petition, any such claim would also be meritless. Because the tolling provisions of §2244(d)(2) already accommodate the exhaustion requirement that petitioner faced, he would not be

---

Roberts.

[8]Generally, this Court enters an order to the petitioner, requiring him or her to state whether one or more of the four statutory factors, see 28 U.S.C. §2244(d)(1)(A)-(D), justifies consideration of this petition for writ of habeas corpus. The order advises the petitioner that failure to demonstrate the existence of at least one of the four factors would probably result in dismissal of the petition as time barred. The petitioner in this case was inadvertently not so notified. He need not now receive the Court's order, however. As indicated, Roberts expressly addressed the limitations issue in his form petition. Further, in the Report entered on March 23, 2006, in Case No. 06-14043-Civ-Graham at DE# 8, the undersigned specifically cautioned Roberts that the federal limitations period would apply to any future petition for writ of habeas corpus. In the final judgment entered in the initial habeas corpus proceeding, the Court dismissed the petition without prejudice "except as to the statute of limitations or other procedural bar." See Roberts v. Crosby, 06-14043-Civ-Graham (S.D.Fla. April 27, 2006). Finally, the undersigned's Report and Recommendation entered this date clearly places Roberts on notice that the instant petition is barred by the one-year statute of limitations. Thus, rather then further delay disposition of this federal proceeding any appropriate opposition to the time-bar can be asserted by Roberts through the filing of timely objections to this Report. Moreover, the undersigned has found in the alternative that Roberts would not be entitled to federal habeas corpus relief even if the petition had been timely filed.

7

entitled to equitable tolling on this basis. See <u>Smith v. McGinnis</u>, 208 F.3d 13, 17-18 (2 Cir. 2000); See also <u>Franklin v. Bagley</u>, 27 Fed. Appx. 541, 542-543 (6 Cir. 2001)(limitations period not equitably tolled due to the fact that petitioner was attempting to exhaust all of his state court remedies prior to filing his federal habeas petition, absent a showing of due diligence).

Further, this case presents no grounds for the application of the doctrine of equitable tolling. See <u>Holland v. Florida</u>, ___ U.S. ___, 2010 WL 2346549; <u>Pace v. DiGuglielmo</u>, 544 U.S. at 418. The record also does not indicate that Roberts was in any way impeded by any unconstitutional State action in pursuing state postconviction relief or filing this federal petition for writ of habeas corpus. Finally, Roberts' status as an unskilled layperson does not excuse the delay. See <u>Johnson v. United States</u>, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also <u>Rivers v. United States</u>, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required).

In conclusion, Roberts has presented no valid justification supported by the record for his failure to file his federal habeas corpus petition attacking the instant convictions before the expiration of the one-year limitations period. The time-bar is ultimately the result of Roberts' failure to timely prosecute state postconviction proceedings and then this federal habeas corpus petition. Since the claims raised by Roberts in this habeas corpus proceeding instituted on June 29, 2009, are untimely, the claims

are time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and Roberts is not entitled to review on the merits of those claims. The fact that this petition has been filed a mere four days late does not render dismissal as time-barred inappropriate. In its order dismissing a habeas corpus petition as untimely filed, the Northern District of Florida aptly stated as follows regarding statutes of limitations:

> [A]lthough application of the statute of limitations might appear harsh, that is always the case with statutes of limitation. By definition, statutes of limitation preclude presentation of a plaintiff's or petitioner's claims on the merits. Harsh as they are, statutes of limitation serve important interests. And harsh as it might seem, statutes of limitation establish hard and fast deadlines, subject to tolling under various circumstances but not subject to being held inapplicable simply because a plaintiff or petitioner came close. *The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late (or six days late as in the case at bar) is untimely, just as if a year late.*

(emphasis added). Turner v. Singletary, 46 F.Supp.2d 1238, 1240 (N.D.Fla. 1999).

As was true in Turner, the harshness in the instant case is mitigated by the fact that it appears clear from the record provided by the respondent that petitioner would not have been entitled to relief in this Court even had he filed his petition in a timely manner. Roberts challenges his convictions as violative of the Fourth Amendment. It is well settled that federal habeas corpus relief is not available to a state prisoner on the ground that a conviction was based on evidence obtained in violation of the Fourth Amendment, if the state provided an opportunity for full and fair litigation of the Fourth Amendment claim. Stone v. Powell, 428 U.S. 465 (1976). See also Cardwell v. Taylor, 461 U.S. 571 (1983); Devier v. Zant, 3 F.3d 1445, 1455 (11 Cir. 1993); Harris v. Dugger, 874 F.2d 756, 761 (11 Cir.), cert. denied, 493 U.S. 1011 (1989);

Ponce v. Cupp, 735 F.2d 333, 335 (9 Cir. 1984); Swicegood v. Alabama, 577 F.2d 1322, 1324-25 (5 Cir. 1978). This rule applies to all claims arising under the Fourth Amendment. See, e.g., Williams v. Collins, 16 F.3d 626, 637 (5 Cir.), cert. denied, 512 U.S. 1289 (1994) (search and seizure); Cardwell v. Taylor, 461 U.S. at 572 (arrest). The doctrine established in Stone v. Powell, supra has survived the passage of the AEDPA. See Bradley v. Nagle, 212 F.3d 559, 564-66 (11 Cir. 2000)("The Supreme Court ... has held that federal courts are precluded from conducting post-conviction review of Fourth Amendment claims where state courts have provided 'an opportunity for full and fair litigation' of those claims."), cert. denied, 531 U.S. 1128 (2001).

The above-reviewed procedural history of this case reveals that Roberts filed a pretrial motion to suppress evidence, claiming that the warrantless search made without his consent and without reasonable suspicion or probable cause was violative of his Fourth Amendment rights. See Motion to Suppress. (DE# 11; Ex. 2). Evidentiary proceedings were conducted before the trial court on the motion, where testimony was taken from Sheriff Ken Mascara and argument made by counsel before the motion was denied. See Transcripts of hearings conducted on September 17 and 30, 2002. (DE# 11; Ex. 54). A written order was entered on or about December 20, 2002, denying the motion. (DE# 11; Ex. 51). Roberts took an appeal from the denial of his motion to suppress where his claim was considered and rejected by the state appellate court. See Roberts v. State, 872 So. 2d. 913 (Fla. 4 DCA 2004). Thus, the subject Fourth Amendment claim was fully litigated in the state courts. Roberts has not demonstrated that the state court proceeding was inadequate and, from review of the record, this Court is satisfied that Roberts had a full and fair opportunity to

litigate all his Fourth Amendment claims in the Florida courts.[9] Roberts' Fourth Amendment claims would, therefore, be precluded from federal habeas corpus review. See Bradley v. Nagle, 212 F.3d at 565 (stating that "[w]e cannot now say that [petitioner] was denied a full and fair opportunity to litigate his Fourth Amendment claims, even were we to disagree with the state courts' analysis or conclusion. To do so would vitiate the Supreme Court's decision in Stone, which we are not empowered to do.").[10]

## V. Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2) and, in the alternative, denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 18TH day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[9] Roberts contends in this federal proceeding that the trial court failed to make factual findings to support its denial of the motion to suppress. While this Court does not have a copy of the trial court's order denying the motion to suppress, it appears from the record that a written order was in fact entered after the hearing and such order set forth the trial court's reasons for the denial. See Transcript of hearing conducted on September 17, 2002, at 19-20; Transcript of hearing conducted on September 30, 2002, at 2. (DE# 11; Ex. 53, 54). See also Criminal Court Docket Sheet. (DE# 11; Ex. 51 at 11).

[10] This Court points out that even if the claims were not barred from review on the merits in this federal habeas corpus proceeding pursuant to the *Stone v. Powell* doctrine, Roberts would not be entitled to relief on his Fourth Amendment claim in that for the reasons expressed by the respondent in his well-reasoned Response to Order to Show Cause at 24-32 (DE# 9), Roberts' claims are meritless.

```
cc:   Toriano Roberts, Pro Se
      DC# 137970
      Apalachee Correctional Institution-West Unit
      52 West Unit Drive
      Sneads, FL 32460

      Jeanine M. Germanowicz, AAG
      Office of the Attorney General
      1515 North Flagler Drive, #900
      West Palm Beach, FL 33401-3428
```